## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

**NATHANIEL G. BAILEY**                                                       **PLAINTIFF**

**V.**                                   **CIVIL ACTION NO. 3:15CV889 HTW-LRA**

**WARDEN BRUCE BLACKMON**                                          **RESPONDENT**

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Petitioner Nathaniel Bailey filed his petition for writ of habeas corpus pursuant to Title 28 U.S.C. § 2241 on December 10, 2015. The petition is now before the undersigned for report and recommendation. When Bailey signed his petition, he was a federal prisoner incarcerated in the Federal Correctional Complex ("FCC") in Yazoo City, Mississippi, having been convicted and sentenced to a 252-month term, with five years of supervised release, for possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). Bailey was sentenced in the United States District Court for the Northern District of Florida pursuant to the sentencing enhancement provisions of the Armed Career Criminal Act ("ACCA") 18 U.S.C. § 924(e). In the instant petition, Bailey challenges the validity of his sentence based on the United States Supreme Court's recent decision in *Johnson v. United States*, 135 S.Ct. 2251 (2015). As grounds for relief, he requests that his sentence be vacated, set aside, or corrected under 28 U.S.C. § 2241.

28 U.S.C. § 2255 is "the primary means of collaterally attacking a federal sentence." *Robinson v. United States*, 812 F.3d 476 (5th Cir. 2016) (quoting *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000). In contrast, § 2241 is used to challenge "the

manner in which a sentence is executed." *Id.*  Accordingly, a petition filed under § 2241 alleging errors "that occur[red] at trial or sentencing is properly construed under § 2255." *Tolliver*, 211 F.3d at 877.  If a prisoner can show that the § 2255 remedy would be "'inadequate or ineffective to test the legality of [the prisoner's] detention,'" he may be permitted to bring a habeas corpus claim pursuant to § 2241 under the savings clause.[1] *See Reyes–Requena v. United States,* 243 F.3d 893, 901 (5th Cir. 2001) (quoting § 2255). However, Bailey makes no such showing here.

Bailey challenges the validity of his ACCA sentence enhancement.  As such, his claims "must be addressed in a § 2255 petition, and the only court with jurisdiction to hear that is the court that sentenced him. . . ."  *Ojo v. I.N.S.*, 106 F.3d 680, 683 (5th Cir. 1997) (citing *Cox v. Warden*. 911 F.2d 1111, 1113 (5th Cir. 1990)).  The record reflects that the Eleventh Circuit recently granted Bailey's application to file a successive § 2255 motion challenging his sentence enhancement in the United States District Court for the Northern District of Florida.  *In re: Nathaniel Bailey, Jr.,* No. 16-11960-J (11 Cir. May 24, 2016).  Because this Court lacks jurisdiction to hear his claims for the reasons explained, the undersigned recommends that the government's motion to dismiss be granted.

---

[1] To make this showing, *Bailey* must make a claim (i) "based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense" and (ii) "that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." *Reyes-Requena v. United States,* 243 F.3d 893 at 904.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3) of the Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi, any party within 14 days after being served with a copy of this Report and Recommendation, may serve and file written objections. Within 7 days of the service of the objection, the opposing party must either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection.

The parties are hereby notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglas v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED on April 7, 2017.


_____
        s/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE